UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN KENT QUIDOR,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No.   2:20-cv-00117-JDP (SS)<br><br>ORDER DENYING CLAIMANT'S MOTION FOR SUMMARY JUDGMENT<br><br>ECF No. 19<br><br>ORDER GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT<br><br>ECF No. 22 |

    Darren Quidor challenges the final decision of the Commissioner of Social Security denying his application for supplemental security income and Title II disability benefits. The administrative law judge ("ALJ") found that Quidor was not disabled because he could perform both past relevant work and jobs existing in significant numbers in the national economy. Quidor argues that this was error, since his conditions met or medically equaled the severity of presumptive musculoskeletal disabilities listed in the regulations. Quidor's argument rests primarily on the significance of evidence submitted after the ALJ issued his decision; he argues that this evidence relates to his condition at the relevant time and should have been considered by the ALJ. Quidor further argues that, had the new evidence been considered, it would have shown

him to be disabled. The Commissioner responds by arguing that the ALJ did not err because the new medical records do not diminish the substantial evidence supporting the ALJ's decision. The Commissioner further argues that, even if the court were to find that the ALJ erred, the error was harmless.

The case is submitted on claimant's motion for summary judgment, ECF No. 19, to which the Commissioner filed an opposition and cross-motion for summary judgment, ECF No. 22. The matter is ripe for review, and this court now denies claimant's motion for summary judgment and grants the Commissioner's cross-motion for summary judgment.[1]

## I.    STANDARD OF REVIEW

The court's review is limited. On appeal, I ask only whether substantial evidence supports the factual findings of the ALJ and whether the ALJ applied the correct legal standards. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); 42 U.S.C. § 405(g). As such, I will uphold the ALJ's decision if a reasonable person could find the evidence sufficient to support the ALJ's findings. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) ("'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion."). I will uphold a rational decision of the ALJ even if there is another rational interpretation of the evidence; the court may not substitute its own judgment for that of the ALJ. *See Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

A motion for summary judgment can be granted only where the there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. The burden of establishing that there is no genuine issue of material fact lies with the moving party. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the moving party has met that burden by "presenting evidence which, if uncontradicted, would entitle it to a directed verdict at trial, [Fed. R. Civ. P. 56(e)(2)] shifts to [the nonmoving party] the burden of presenting specific facts showing that such contradiction is possible." *British Airways Bd. v. Boeing Co.*,

---

[1] Both parties have consented to magistrate judge jurisdiction. ECF Nos. 9, 10.

585 F.2d 946, 950-52 (9th Cir. 1978).

## II.   BACKGROUND

Claimant applied for disability insurance benefits on July 5, 2016, alleging disability beginning April 18, 2014. AR 262-89. He indicated that his disability resulted from osteoporosis, diabetes, asthma, neck and back pain, and hypertension and other cardiovascular conditions. AR 325. SSA denied his application both initially and upon reconsideration, after which he requested a hearing before an ALJ. AR 181-98. The ALJ held a hearing in July 2018 and issued a decision on November 21, 2018, finding that claimant was not disabled. AR 41-58, 104-31.

Claimant requested a review of the ALJ's decision, and he submitted additional medical records to the Appeals Council that documented his diagnosis of spinal radiculopathy and related treatment. *See* AR 1-6, 14-35, 38-40, 65-101. While some of the records predated the ALJ's decision, most were created afterwards. The Appeals Council found that the records that predated the ALJ's decision did not "show a reasonable probability that [they] would change the outcome of the [ALJ's] decision." AR 2. As for the records that were generated after the decision, the Appeals Council found that they did "not relate to the period at issue . . . [and did] not affect the decision" about disability during the relevant time period (*i.e.*, prior to the ALJ's decision). AR 2. Ultimately, the Appeals Council denied claimant's request for review. AR 1-6. He now seeks judicial review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## III.   ANALYSIS

An ALJ determines eligibility for Social Security benefits in a five-step sequential evaluation process, asking: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments listed in the regulations; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018); 20 C.F.R. §§ 404.1520, 416.920. The burden of proof is on the claimant during the first four steps of the inquiry but shifts to the

3

1  Commissioner at the fifth step. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f); *Bustamante v.*
2  *Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

3  At step one, the ALJ found that claimant had not engaged in substantial gainful activity
4  since his alleged disability onset date of April 18, 2014. AR 46. At step two, the ALJ found that
5  claimant had the severe impairments of aortic aneurysm, osteoarthritis, diabetes mellitus, and
6  lumbar degenerative disc disease. AR 47. At step three, the ALJ found that claimant did not
7  have an impairment or combination of impairments that met or functionally equaled the severity
8  of the listed impairments. AR 47. Before proceeding to step four, the ALJ determined that
9  claimant's RFC permitted him to perform medium work, except that he was limited to no more
10 than frequent overhead bilateral reaching; he needed to avoid work hazards, including moving
11 mechanical parts, extreme temperatures, and unprotected heights; and he was limited to no more
12 than occasional balancing or climbing of ramps or stairs. *See* AR 48. At step four, the ALJ found
13 that claimant could perform past relevant work as a realtor and either lawnmower or lawnmower
14 mechanic. AR 51. Despite finding that claimant was not disabled at step four, the ALJ
15 proceeded to step five and made the alternate finding that claimant could perform jobs existing in
16 significant numbers in the national economy, specifically the jobs of remnant sorter, price marker,
17 and inspector and hand packager. AR 52-53. Therefore, the ALJ found that claimant was not
18 disabled. AR 53.

19  **A.  Step Three**

20  Claimant argues that he satisfied his burden of establishing an impairment that met or
21 medically equaled a listed impairment, namely Listing 1.04, which includes spinal disorders.
22 ECF No. 19-1 at 3. He argues that the ALJ erred in failing to compare the listed impairments
23 with his conditions, and that, when the new records are considered, the ALJ's decision is not
24 supported by substantial evidence. *Id.* at 3-4. He focuses on the evidence of his diagnosis of
25 spinal radiculopathy and related treatment, including the permanent implant of a spinal cord
26 stimulator. AR 14. The Commissioner responds by citing the extensive records that support the
27 ALJ's findings. ECF No. 22 at 8-9. The Commissioner also argues that claimant has provided no
28 evidence—even considering the records submitted after the ALJ's decision—that would support a

finding that he had a compromised spine or nerve roots or that he could not ambulate effectively, both of which would be required to meet Listing 1.04.[2] *Id.* at 10-11.

The regulations' "Listing of Impairments" identifies impairments in fifteen categories of body systems that are considered severe enough to preclude employment. *See Young v. Sullivan*, 911 F.2d 180, 183-84 (9th Cir. 1990); 20 C.F.R. § 404.1520(d). If the requirements of a condition's listing are met, then a claimant has established disability at step three, and the ALJ's analysis ends. *See* 20 C.F.R. § 404.1520(d). Claimant bears the burden of proving that his impairments meet or functionally equal the listings for presumptive disability; this requires him to show that his condition meets all the criteria in the listing. *See Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

Based on the evidence available at the time of his decision, the ALJ determined that there was "no medical evidence or medical expert testimony to support a finding" that claimant's conditions met or medically equaled a listed impairment.[3] AR 48. In his evaluation of the medical evidence, the ALJ focused on the "rather mild findings" and claimant's "wide range of daily activities, including riding his bike, working at the farm, and volunteering at the public television station." AR 49. Regarding claimant's lumbar issues and osteoarthritis, the ALJ noted claimant's "normal motor strength," his "normal sensation" in all extremities, his "steady" ambulation, and his "normal gait." *See* AR 50. The ALJ further cited claimant's x-rays and MRI, which "indicated degenerative change of his spine" and "mild L4-L5 spinal stenosis." AR 50. And the ALJ noted the opinion of state agency consultant Dr. F. Wilson, who opined that claimant "had no exertional limitations." AR 51. In fact, the opinions of both state agency

---

[2] The Commissioner further argues that the court should affirm the ALJ's decision since claimant has not sufficiently stated or supported a claim upon which the court could grant relief. ECF No. 22 at 4-5. The Commissioner specifically argues that claimant has not developed "an argument capable of assessment" because claimant has not identified specific errors committed by the ALJ and has not supported his argument with citations to specific evidence in the record. *Id.* at 4. Because the court has been able to discern and evaluate claimant's argument, the court will not dismiss claimant's appeal for failure to develop a claim.

[3] Claimant argues that "[n]owhere in [the ALJ's decision] does he analyze the conditions [claimant] had been diagnosed with prior to November 18, 2018, and listed under section 1.04." ECF No. 19-1 at 3-4. However, the ALJ specifically cited Listing 1.04 when stating that claimant did not meet or medically equal any listed impairments. AR 47.

consultants reflected fewer limitations than those found by the ALJ. *See* AR 56-57. Overall, substantial evidence supported the ALJ's step-three finding. However, claimant argues that the new evidence undermines the ALJ's finding and establishes that claimant's conditions met or medically equaled a listed impairment.

"If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b); *see also Brewes v. Comm'r, Soc. Sec. Admin.*, 682 F.3d 1157, 1162 (9th Cir. 2012) ("The Commissioner's regulations permit claimants to submit new and material evidence to the Appeals Council and require the Council to consider that evidence in determining whether to review the ALJ's decision, so long as the evidence relates to the period on or before the ALJ's decision."). While this court lacks jurisdiction to review the Appeals Council's ruling, the court may consider an "improperly rejected treating physician's opinion" in order "to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error." *Taylor v. Comm'r, Soc. Sec. Admin.*, 659 F.3d 1228, 1232 (9th Cir. 2011) (citing *Ramirez v. Shalala*, 8 F.3d 1449, 1451-54 (9th Cir. 1993)).

The records that claimant submitted to the Appeals Council relate back to the relevant time period since they contain treatment notes for spinal radiculopathy—a condition that existed prior to the issuance of the ALJ's decision but which was not discussed in the records submitted to the ALJ. Since the new records relate to the relevant time period, they should have been considered. *See, e.g.*, *Hernandez v. Berryhill*, No. 1:17-CV-00483-SKO, 2018 WL 2021021, at *6 (E.D. Cal. May 1, 2018) ("As already discussed, Dr. Graham's report was new, material, and relevant to the time period at issue before ALJ; thus, the Appeals Council was required to consider it."). This court now must determine whether the ALJ's decision is supported by substantial evidence with these records taken into consideration. *See Taylor*, 659 F.3d at 1232. The Commissioner argues that the records do not establish the required criteria for meeting Listing 1.04 and that they do not diminish the substantial evidence supporting the ALJ's step-three finding. *See* ECF No. 22 at 8-11.

1    As documented in the submitted records, claimant continued to have normal gait and
2 musculoskeletal condition, normal sensation in his extremities, and normal strength and muscle
3 mass.  *See* AR 25, 29, 38, 61-62, 64-65, 67-69, 77-78, 80, 83-84, 86, 89, 92-93, 100.  The novel
4 information contained in the additional medical evidence was claimant's diagnosis of spinal
5 radiculopathy and the related treatment.  While this diagnosis may help to explain some of
6 claimant's symptoms, the new evidence does not suggest any significant change in his symptoms.
7 Indeed, the records state that there was no change in symptoms.  *See* AR 24, 38.  Similarly, the
8 new evidence does not suggest that claimant's symptoms were more severe than is reflected in the
9 ALJ's decision.  Since the symptoms considered by the ALJ were essentially the same ones
10 described in the updated medical records, the records do not detract from the substantial evidence
11 supporting the ALJ's finding.

12    Furthermore, as argued by the Commissioner, the new evidence would not satisfy
13 claimant's burden at step three, since it does not provide evidence that claimant's condition meets
14 all the criteria in Listing 1.04.  ECF No. 22 at 8-12.  Listing 1.04A requires, in relevant part,
15 evidence of "limitation of motion of the spine, motor loss . . . accompanied by sensory or reflex
16 loss."  20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.04A.  As noted, the records submitted to the
17 Appeals Council state that claimant continued to experience normal sensation and reflex.  Listing
18 1.04C requires evidence that claimant's condition resulted "in inability to ambulate effectively."
19 *Id.* at § 1.04C.  All of claimant's medical records document normal gait; claimant has provided no
20 evidence that he could not ambulate effectively.  As a result, claimant has failed to demonstrate
21 that the ALJ's findings were not supported by substantial evidence in the record.  *See Jamerson v.*
22 *Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997) ("[T]he key question is not whether there is
23 substantial evidence that could support a finding of disability, but whether there is substantial
24 evidence to support the Commissioner's actual finding that claimant is not disabled.").

25    Overall, considering the record as a whole—including the records submitted to the
26 Appeals Council—the ALJ's step-three findings were supported by substantial evidence in the
27 record.  The ALJ did not err.

28

### IV. CONCLUSION AND ORDER

For the reasons stated in this opinion, the court affirms the decision of the Commissioner of Social Security. The court hereby orders that:

1. claimant's motion for summary judgment, ECF No. 19, be denied;
2. the Commissioner's cross-motion for summary judgment, ECF No. 22, be granted;
3. the decision of the Commissioner of Social Security be affirmed; and
4. the clerk of this court enter judgment in favor of defendant Commissioner of Social Security and against claimant, Darren Kent Quidor, and close this case.

IT IS SO ORDERED.

Dated: __July 27, 2021__  
_____  
JEREMY D. PETERSON  
UNITED STATES MAGISTRATE JUDGE